Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1264 | **DATE** | 6/1/2004 |
| **CASE TITLE** | Andre Barr vs. Eugene McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Barr's petition for a writ of habeas corpus is denied. Petitioner's motion for appointment of counsel is denied as moot. Judgment is entered in favor of the respondent and against the petitioner.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 - 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDRE BARR, | ) |
| | ) |
| Petitioner, | ) No. 04 C 1264 |
| | ) |
| v. | ) Judge Ruben Castillo |
| | ) |
| EUGENE McADORY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Andre Barr was convicted of first-degree murder in the circuit court of Cook County and sentenced to fifty-four years' imprisonment. His conviction was affirmed on direct appeal and he then unsuccessfully sought post-conviction relief in the Illinois courts. Presently before the Court is Barr's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Barr's petition is denied. (R. 7-1.)

## RELEVANT FACTS

As noted above, Barr was convicted of first-degree murder and sentenced to fifty-four years in prison. He appealed his sentence and conviction on the ground that his attorney's failure to object to the introduction of multiple victim-impact statements violated the Rights of Crime Victims and Witnesses Act, 725 ILCS 120/1 *et seq.* The Illinois appellate court affirmed his conviction. Barr then sought leave to appeal to the Illinois Supreme Court, which was denied in on June 6, 2001. Barr next filed a petition for post-conviction relief, raising the following issues: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel[1]; (3) the

---

[1] Specifically, Barr contended that his trial counsel was ineffective for: (1) failing to call Barr to testify on his own behalf; (2) failing to call two defense witnesses; (3) failing to

prosecution's use of improper expert testimony; (4) the prosecution's improper comments during closing arguments; (5) the trial court's allowance of improper, speculative testimony; (6) the prosecution's introduction of hearsay evidence; (7) the prosecution's use of leading and speculative testimony; and (8) the prosecution's use of prior identification statements.

On October 5, 2001, the circuit court of Cook County dismissed Barr's petition as untimely, unsupported and almost entirely barred by *res judicata* and waiver. Barr appealed, but his appointed counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), arguing that Barr's post-conviction petition lacked merit. Barr filed two responses to counsel's *Finley* motion, asserting that his petition raised meritorious claims and that his post-conviction counsel was ineffective for moving to withdraw. The Illinois appellate court affirmed the circuit court's dismissal.

Barr next filed a petition for leave to appeal to the Illinois Supreme Court. In that petition Barr argued that the appellate court erred in affirming the trial court's dismissal of his post-conviction petition because the trial court applied the incorrect standard when determining that his petition was frivolous and patently without merit. In particular, Barr argued that the trial court erred in dismissing his petition on *res judicata* and timeliness grounds because at the summary dismissal stage a petitioner need only present "the gist of a constitutional claim." Barr argued that his petition did present the gist of constitutional claims, offering as examples his ineffective-assistance claims and his claim that counsel refused to allow him to testify on his own behalf. Barr did not, however, separately raise in his petition for leave to appeal any of the

---

investigate claims made by a prosecution witness; (4) introducing gang-motive evidence; and (5) for calling two defense witnesses to the stand.

2

issues raised in his original post-conviction petition, nor did he rely on federal law or explicitly identify any claims as violations of federal law. On October 7, 2003, the Illinois Supreme Court denied Barr's petition for leave to appeal.

On March 12, 2004, Barr filed his amended petition for a writ of habeas corpus in this Court, *see* 28 U.S.C. § 2254, raising the following eleven issues: (1) ineffective assistance of trial counsel for failing to object to the introduction of more than one victim-impact statement; (2) ineffective assistance of appellate counsel for failing to raise the ineffective assistance of trial counsel; (3) ineffective assistance of counsel for failing to allow him to testify at trial; (4) ineffective assistance of trial counsel for failing to conduct pretrial interviews with witnesses before calling them; (5) ineffective assistance of trial counsel for failing to investigate prior to trial false testimony of a witness for the prosecution and for failing to impeach that testimony; (6) ineffective assistance of counsel for referencing gang evidence into the trial during opening statements, which then allowed the State to introduce his association with gangs during trial; (7) ineffective assistance of counsel for failing to call certain witnesses for defense; (8) denial of a fair trial when the prosecution introduced improper expert testimony by Officer David Fidyk; (9) denial of a fair trial by improper prosecutorial comments during closing arguments; (10) denial of a fair trial when the prosecution was allowed to elicit improper and speculative testimony from one of its witnesses; and (11) denial of due process when the prosecution was permitted to introduce hearsay testimony. The state responded to Barr's petition on April 13, 2004, arguing that his petition must be denied because all of the claims are either procedurally defaulted or without merit.

## ANALYSIS

As noted above, Barr brings this petition pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Before a federal court will consider a petition for a writ of habeas corpus on its merits, the petitioner must: (1) exhaust all remedies available in state courts, 28 U.S.C. § 2254(b)(1)(A), and (2) fairly present any federal claims in state court first to avoid procedural default, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). Exhaustion requires the petitioner to present his claims to the highest state court for a ruling on the merits. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Full and fair presentment requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Spreitzer v. Schomig*, 219 F.3d 639, 645 (7th Cir. 2000) (internal citation omitted). A petitioner's claim also may be procedurally defaulted when the prisoner fails to meet an adequate and independent state ground for decision. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Gomez v. Jaimet*, 350 F.3d 673, 677 (7th Cir. 2003).

Notwithstanding a procedural default, habeas corpus review may still be available if the petitioner can show cause for the default and actual prejudice, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. *Spreitzer*, 219 F.3d at 647; *Snyder v. Sternes*, 201 F. Supp. 2d 853, 856 (N.D. Ill. 2002). Respondent concedes that Barr fully exhausted his remedies by appealing his conviction to the Illinois Appellate and Supreme Courts, but Respondent argues that each of Barr's claims, save one, are procedurally defaulted and that his one non-defaulted claim is barred by the adequate and independent state ground doctrine.

4

We agree with Respondent that most of Barr's claims are procedurally defaulted for failing to fully present them in his petition for leave to appeal to the Illinois Supreme Court during his post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, which in Illinois is a two-tiered system); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (applying the *O'Sullivan* rule to post-conviction proceedings). And, as the Supreme Court recently clarified, passing references to potential federal claims in a petition for discretionary review are insufficient to satisfy the fair presentment requirement, even if the federal nature of the claims is spelled out in lower court filings and opinions. *See Baldwin v. Reese*, 124 S.Ct. 1347, 1351 (2004). Accordingly, because Barr failed to raise any of his post-conviction claims—and if he raised them at all it was in the most cursory manner possible—in his petition for leave to appeal, those claims are procedurally defaulted for failure to properly present them in the state courts.[2]

As for Barr's remaining claim that his counsel was ineffective for failing to object to the multiple victim-impact statements introduced at trial, we agree with Respondent that it is procedurally defaulted under the adequate and independent state grounds doctrine, *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (citing *Stewart v. Smith*, 536 U.S. 856, 860-61 (2002)) (holding that "[a] federal court will not review a question of federal law decided by a state court

---

[2] Barr has not filed a reply contesting Respondent's argument that his claims are procedurally defaulted, nor has he presented any evidence of cause and prejudice excusing the procedural default. *See Dretke v. Haley*, 124 S.Ct. 1847, 1849 (2004). We will, however, entertain a motion for reconsideration to the extent that Barr believes he has a legitimate basis to challenge this Court's findings.

if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment"), and otherwise insufficient to meet the standards enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

## CONCLUSION

For the foregoing reasons, we deny Barr's petition for a writ of habeas corpus. (R. 7-1.) Additionally, we deny as moot Petitioner's request for appointment of counsel. (R. 4-1.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Petitioner Andre Barr.

ENTERED:

Judge Ruben Castillo
United States District Court

Date: June 1, 2004